UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY KNOWN 27112 SE GRAND RIDGE DRIVE, ISSAQUAH, WASHINGTON, 98029, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS, THERETO AND THEREUPON,<br><br>Defendants. | NO. CV26-1292<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

COMES NOW the United States, by and through its undersigned counsel, and alleges:

## I.    NATURE OF THE ACTION

1.    This is a civil action *in rem*, brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), for forfeiture of property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, and 18 U.S.C. § 981(a)(1)(A), for forfeiture of property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2.      Pursuant to Supplemental Rule G(2)(f), facts in support of a reasonable belief that the United States will be able to meet its burden of proof at trial are as follows and have been verified by the attached Verification of Federal Bureau of Investigation (FBI), Special Agent (SA) Ethan Via.

## II.      PLAINTIFF AND DEFENDANT *IN REM*

3.      The plaintiff is the United States of America (the "Government" or "United States").

4.      The defendant property includes the real property known as 27112 SE Grand Ridge Dr, Issaquah, WA 98029, King County, Parcel Number 252406-9077-06, titled in the names of Christopher Christensen and Debra Christensen, together with its buildings, improvements, appurtenances, fixtures, attachments, and easements (collectively, "Defendant Property") and legally described as follows:

> Parcel S, King County Boundary Line Adjustment No. L99L0008, recorded under recording number 20000103900006, which is a portion of the Northeast quarter of Section 25, Township 24 North, Range 6 East, W.M., in King County, Washington;

> Together with an equal and undivided interest in Tract Z for ingress and egress as delineated on said Boundary Line Adjustment.

## III.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and has jurisdiction over an action for forfeiture under 28 U.S.C. § 1355(a).

6.      This Court has jurisdiction over the Defendant Property under 28 U.S.C. § 1355(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Defendant Property is located in this district.

Verified Complaint for Forfeiture *in Rem* - 2
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8. Pursuant to 18 U.S.C. § 985(a) and Supplemental Rule ("Supp. R.") G(3)(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures.

9. Pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

## VI.    APPLICABLE LAW

10. Pursuant to 18 U.S.C. § 1343, it is unlawful to transmit "by means of wire . . . in interstate or foreign commerce" and "writings, signs, signals, pictures, or sounds" for the "purpose of executing" a "scheme or artifice . . . for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . ."

11. Pursuant to 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), it is unlawful "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, [to] conduct[] or attempt[] to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . with the intent to promote the carrying on of specified unlawful activity; or . . . knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity . . . ," or to conspire to commit any such offense.

12. Pursuant to 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B), the offense of wire fraud, in violation of 18 U.S.C. § 1343, constitutes "specified unlawful activity" within the meaning of 18 U.S.C. § 1956(a)(1)(B)(i).

13. Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of [18 U.S.C. § 1956], or any property traceable to such property" is subject to civil forfeiture to the United States.

Verified Complaint for Forfeiture *in Rem* - 3
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

14. Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [18 U.S.C. § 1343]" is subject to civil forfeiture to the United States.

15. Pursuant to 18 U.S.C. § 985, "all civil forfeitures of real property and interests in real property shall proceed as judicial forfeitures."

### VII.   FACTS

16. The Defendant Property constitutes or is derived from proceeds traceable to one or more wire fraud offenses, in violation of 18 U.S.C. § 1343. The Defendant Property was also involved in, or traceable to property involved in, one or more financial transactions or attempted financial transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h), which transactions involved the proceeds of specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B), that is, wire fraud, in violation of 18 U.S.C. § 1343. The Defendant Property, therefore, is subject to civil forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

17. On or about October 15, 2013, Christopher Christensen formed iCap Investments, LLC ("iCap"), a Washington Limited Liability Company. Christopher Christensen owned and managed iCap, together with its direct and indirect subsidiaries. The company became inactive on or about March 3, 2025.

18. On or about August 1, 2017, Christopher and Debra Christensen (collectively, the "Christensens") transferred the Defendant Property to iCap via quit claim deed. According to the real estate excise tax affidavit filed in connection with the transaction ("2017 Excise Tax Affidavit"), iCap purchased the Defendant Property from the Christensens for $0.00. At the time of the transfer, the Defendant Property was encumbered with a mortgage, which iCap assumed.

19. On or about October 17, 2013, iCap opened Umpqua Bank checking account ending -6925 ("Umpqua Account -6925"). Christopher Christensen was listed as

Verified Complaint for Forfeiture *in Rem* - 4
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

an authorized signer on the account. As of August 31, 2019, the balance for Umpqua Account -6925 was $90.00.

20.    Beginning in or about September 2019, and continuing through in or about November 2022, Christopher Christensen, individually and through iCap, used false and fraudulent pretenses (including false statements that invested funds would be used primarily for real estate investment activity) to solicit investments from third-party investors, which investments were deposited in Umpqua Account -6925.

21.    For example, a Confidential Private Placement Memorandum for Accredited Investors and Non-U.S. Persons for iCap, dated May 1, 2020 ("PPM"), prepared in support of Christopher Christensen's solicitation of investments, stated that Christopher Christensen "may . . . enter into transactions with" iCap, "provided the terms are commercially reasonable." The PPM further stated that Christopher Christensen "will lease or purchase" the Defendant Property. As set forth in more detail below, both statements were false. Christopher Christensen's transactions with iCap were not "commercially reasonable," and he did not "purchase" the Defendant Property.

22.    From September 2019 through November 2022, Umpqua Account -6925 received approximately $20,588,500.00 from domestic and international investors. The account received all but $325,000.00 of those funds after issuance of the PPM.

23.    Beginning in or about November 2019, and continuing through in or about August 2022, Umpqua Account -6925 initiated approximately 3 transfers totaling approximately $3,129,000.00 to Umpqua Bank account ending -1647 ("Umpqua Account -1647"), held in the names of the Christensens. During that same period, Umpqua Account -6925 received approximately $200,000.00 from Umpqua Account -1647.

24.    The funds in Umpqua Account -1647 were used to improve the Defendant Property, including by building a 10,149 square foot luxury single family residence on the property.

Verified Complaint for Forfeiture *in Rem* - 5
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

25. On or about November 25, 2020, iCap transferred the Defendant Property to the Christensens via quit claim deed. According to the real estate excise tax affidavit filed in connection with the transaction ("2020 Excise Tax Affidavit"), the Christensens "purchased" the Defendant Property from iCap for $0.00.

26. Notwithstanding the Christensens' commercially unreasonable "purchase" of the Defendant Property in November 2020 for no cost, iCap continued to represent to its investors that the Defendant Property remained an iCap asset. For example, a document titled "iCap Investment Asset Report" ("Asset Report"), shared with iCap investors in or about March 2021, identified the Defendant Property as an asset with an estimated value of approximately $4,512,000.00 and a loan of $2,500,000.00 for a net value of $2,012,000.00. The Asset Report attached the 2017 Excise Tax Affidavit as proof of ownership.

27. In or about September 2021, Christopher Christensen prepared Supplement No. 1 to the Confidential Private Placement Memorandum ("Supplement"), which he instructed should be added to, and delivered with, the PPM. The Supplement stated iCap "sold the single family home located in Issaquah, Washington," referring to the Defendant Property, which was falsely included as an iCap asset in the Asset Report.

28. At no time did Christopher Christensen advise iCap investors that nearly $3 million in investor funds had been used to improve the Defendant Property, or that iCap transferred the Defendant Property to the Christensens for no cost.

29. Christopher Christensen used interstate and foreign wires in furtherance of his wire-fraud scheme.

30. The funds transferred from iCap to the Christensens and used to improve the Defendant Property represented proceeds of wire fraud, in violation of 18 U.S.C. § 1343, which constitutes specified unlawful activity pursuant to 18 U.S.C. §§ 1956(c)(7) and 1961(1)(B).

Verified Complaint for Forfeiture *in Rem* - 6
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

31.     The foregoing financial transactions were designed, at least in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of Christopher Christensen's wire-fraud scheme.

32.     Proceeds of unlawful activity remain proceeds subject to forfeiture regardless of the extent to which and frequency with which the proceeds change form. Accordingly, funds used to improve the Defendant Property constitute proceeds of Christopher Christensen's wire-fraud scheme, even if the proceeds changed form through transfers between accounts and through their use to improve the Defendant Property. Likewise, the Defendant Property, which was substantially improved using proceeds of the wire-fraud scheme, constitutes proceeds of the scheme.

33.     Any gains realized on proceeds of unlawful activity are also considered proceeds. Accordingly, any gains the Christensens realized from the increase in value of the Defendant Property following the use of proceeds to improve the property would be considered proceeds of the wire-fraud scheme.

34.     Additionally, property that is not directly or indirectly traceable to specified unlawful activity is nonetheless forfeitable if it is involved in one or more money-laundering transactions. Accordingly, any equity in the Defendant Property not traceable to Christopher Christensen's wire-fraud scheme is still forfeitable if it was involved in one or more money-laundering transactions.

35.     Based on the foregoing facts and transactions, the Defendant Property constitutes or derives from proceeds traceable to one or more wire-fraud offenses and was involved in, or is traceable to property involved in, one or more money-laundering transactions or attempted money-laundering transactions.

## IX.     CLAIM FOR RELIEF

36.     As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the

Verified Complaint for Forfeiture *in Rem* - 7
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant Property is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) because it constitutes or derives from proceeds traceable to one or more wire-fraud offenses, in violation of 18 U.S.C. § 1343; and pursuant to 18 U.S.C. § 981(a)(1)(A) because it constitutes property involved in, or traceable to property involved in, one or more money-laundering transactions or attempted money-laundering transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and (h).

WHEREFORE, the United States respectfully requests:

A.     Due notice be given to all interested parties to appear and show cause why the Defendant Property should not be forfeited;

B.     Judgment be entered declaring the Defendant Property and any interest to be condemned and forfeited to the United States for disposition according to law; and,

C.     The United States be granted such other and further relief as this Court may deem just and proper.

DATED this 15th day of April, 2026.

Respectfully submitted,

*s/ Jehiel I. Baer*

JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov

///

///

///

Verified Complaint for Forfeiture *in Rem* - 8
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**VERIFICATION**

I, Ethan Via, being first duly sworn, upon oath, depose and state the following:

I am a Special Agent (SA) with the U.S. Department of Justice, Federal Bureau of Investigation (FBI), and I have been so employed since 2003. I have received basic federal law enforcement training, including the training at the FBI Academy, as well as other specialized federal law enforcement training. I have investigated violations of federal statutes governing various types of white-collar crime, including wire fraud, mail fraud, bank fraud, securities fraud, money laundering, and theft of government and public money.

I have been assigned to the Complex Financial Crime squad in the Seattle Division for the past 12 years. For seven of those years, I was the Supervisory Special Agent overseeing all of the investigations on the Complex Financial Crime squad. As a case agent, I have investigated investment fraud, embezzlement, fraud against the government (to include benefits fraud), insider trading, corporate fraud, and money laundering. I have received law enforcement training specific to money laundering, financial investigative techniques, digital investigative techniques and have also provided financial investigation training to individuals in other Divisions of the Federal Bureau of Investigation.

I have reviewed and confirmed the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*. The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other federal agencies and law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

///

///

///

Verified Complaint for Forfeiture *in Rem* - 9
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this 10th day of April, 2026.



ETHAN VIA

Digitally signed by ETHAN VIA
Date: 2026.04.10 16:23:58 -07'00'

ETHAN VIA
Special Agent
Federal Bureau of Investigation

Verified Complaint for Forfeiture *in Rem* - 10
*United States v. 27112 SE Grand Ridge Dr.*
USAO# 2026V00573