UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>REAL PROPERTY KNOWN 27112 SE GRAND RIDGE DRIVE, ISSAQUAH, WASHINGTON, 98029, TOGETHER WITH ALL APPURTENANCES, FIXTURES, ATTACHMENTS, AND IMPROVEMENTS, THERETO AND THEREUPON,<br><br>                Defendant. | CASE NO. 2:26-cv-01292-LK<br><br>ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE |

This matter comes before the Court on a motion from the United States to stay this civil forfeiture proceeding pursuant to 18 U.S.C. § 981(g)(1) pending resolution of a related criminal investigation. Dkt. No. 11. The lone claimant to the property so far does not oppose the motion. *Id.* at 2–3. However, for the reasons set forth below, the Court denies the motion without prejudice.

## I.    BACKGROUND

The Government initiated this civil forfeiture action on April 15, 2026 against real property

ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE - 1

located at 27112 SE Grand Ridge Drive, Issaquah, Washington, 98029, King County, Parcel Number 252406-9077-06, titled in the names of Christopher Christensen and Debra Christensen, together with its buildings, improvements, appurtenances, fixtures, attachments, and easements (the "Defendant Property"). Dkt. No. 1. The Verified Complaint in Rem alleges that the Defendant Property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), as property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud), and, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in, or traceable to property involved in, one or more transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (money laundering), and § 1956(h) (money laundering conspiracy). *Id.* at 4.

On May 5, 2026, the Government filed a Notice of Lis Pendens regarding the Defendant Property with the Court and on the same day, recorded the Notice with King County, Washington, at Instrument No. 20260505000698. Dkt. Nos. 5, 6. On May 6, 2026, the Government filed a Notice of Verified Complaint. Dkt. No. 7. On that same day, the Government "sent direct notices by United States Postal Service (USPS) first class mail and by USPS certified mail to individuals who appeared to be potential claimants, based on the underlying investigative materials." Dkt. No. 11 at 2. On May 22, 2026, Christopher Christensen filed a claim to the Defendant Property. Dkt. No. 9. No other parties have asserted claims to the Defendant Property, and the deadline to do so is July 7, 2026. Dkt. No. 11 at 2. Mr. Christensen has confirmed through his counsel that he does not oppose a stay. *Id.* at 3.

## II.    DISCUSSION

### A.    Legal Standard

Section 981(g)(1) provides that "[u]pon the motion of the United States, the court shall stay [a] civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related

ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE - 2

criminal case." The statute defines a "related criminal investigation" as "an actual . . . investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made." 18 U.S.C. § 981(g)(4). To determine the relatedness of the proceedings, courts should consider "the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings without requiring an identity with respect to any one or more factors." *Id.*

"The language in Section 981(g)(1) reflects an amendment by the Civil Asset Forfeiture Act of 2000 that broadened the stay relief significantly and removed the requirement that the Government show good cause" for a stay. *United States v. One 2008 Audi R8 Coupe Quattro*, 866 F. Supp. 2d 1180, 1183 (C.D. Cal. 2011) (citation modified); *see also id.* ("Section 981(g)(1) does not require a particularized showing of prejudice or specific harm" absent a stay; "rather, all that the Court must determine is whether the civil discovery will interfere with the criminal investigation"). Still, the Government must make at least "some minimal showing . . . of such effect" on the criminal case or investigation. *In re Any and All Funds Held in Repub. Bank of Ariz. Accts.*, 774 F. App'x 400, 401 (9th Cir. 2019).

**B.    The Court Denies the Motion without Prejudice**

According to the Government, this action is proceeding "in connection with an ongoing criminal investigation," Dkt. No. 11 at 1, but it does not identify or describe that investigation. Although the complaint contains additional allegations, Dkt. No. 1 at 3–7, it does not describe a related, ongoing criminal investigation either. *See also id.* at 9 (verification from FBI Special Agent Ethan Via affirming that the "investigative facts" in the complaint are "based on personal knowledge [he] obtained from [his] involvement in the underlying investigation" without identifying that investigation). Absent that information, the Court cannot determine if there is a related, ongoing criminal investigation. 18 U.S.C. § 981(g)(4); *cf. United States v. Real Prop.*

ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE - 3

*Commonly Known as 101 W. Hermosa Drive*, C17-1138-JCC, 2017 WL 11694141, at *1 (W.D. Wash. Oct. 26, 2017) (describing facts in the record to show relatedness).

The motion also fails to describe an adverse effect on the criminal investigation. The motion states that the Government "asserts, and the Claimant does not contest, that civil discovery in this case will adversely affect the related criminal investigation." Dkt. No. 11 at 3. The Government contends that "a protective order would be insufficient to protect each party's interests without unfairly limiting the ability of the opposing party to pursue this civil case." *Id.* These conclusory assertions do not show how civil discovery would adversely affect the Government's ability to conduct a criminal investigation. As such, they are insufficient to satisfy the Government's burden. *See, e,g.*, *United States v. $150,900.00 in U.S. Currency*, No. 2:21-cv-07231-FLA (KSx), 2023 WL 9064953, at *2 (C.D. Cal. Sept. 27, 2023) (denying Section 981(g)(1) motion without prejudice when the Government did not meet its burden); *cf. Real Prop. Commonly Known as 101 W. Hermosa Drive*, 2017 WL 11694141, at *2 (describing facts in the record to support finding that "civil discovery would adversely affect the government's ongoing investigation in the criminal case").

### III. CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice the Government's motion to stay this civil forfeiture proceeding. Dkt. No. 11.

Dated this 25th day of June, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE - 4